UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Ricky W. Slatinski,

Plaintiff,

and

Special Compensation Fund,

Plaintiff in Intervention,

vs. MINUTE ORDER

Aspen Equipment Company, a Minnesota Corporation, Bombardier, Inc., a Canadian Corporation, Bombardier, Inc., an Idaho Corporation, and ABC Corporation, and John Doe,

Defendants and Third-Party Plaintiffs

vs.

Kabetogama Ash River Snodrifters Snowmobile Club,

Third-Party Defendant. Civ. No. 00-2390 (DDA/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 2nd day of November, 2001.

* * *

On November 1, 2001, the Court heard argument on the Joint Stipulation Agreement, submitted by the parties, in which they had agreed to modify the Pretrial Order that had been issued by this

41

FILED NOV 02 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Court on February 8, 2001.[1] For these purposes, the Plaintiff appeared by Daniel A. O'Fallon, Esq., the Defendant Aspen Corporation ("Aspen") appeared by Dale O. Harris. Esq., the Defendant Bombardier Corporation ("Bombardier") appeared by Paul J. Robbennolt, and Scott M. Stearns, Esq., and the Third-Party Defendant Kabetogama Ash River Snodrifters Snowmobile Club ("Snodrifters") appeared by Jerome B. Abrams. No appearance was made by, or on behalf of, the Plaintiff-in-Intervention, the Special Compensation Fund.

The Stipulation, which was submitted by the parties, seeks to extend several of the deadlines established by our Pretrial Order of February 8, 2001. Under the Pretrial Order, Motions to amend the Pleadings were to be filed and heard by June 1, 2001, discovery is set to end on December 1, 2001, with all nondispositive Motions being filed and heard by January 1, 2002, all dispositive Motions to be filed and heard by February 1, 2002, and a Ready-for-Trial date of March 1, 2002, or thirty days after the Court decides any,

[1]The Plaintiff had previously filed with this Court, a "Motion to Clarify or Extend the Time for Bringing a Motion to Amend the Complaint to Add a Claim for Punitive Damages". As we stated during the Hearing, our Pretrial Order is clear -- all Motions to amend the pleadings were to have been brought before July 1, 2001. This deadline plainly includes Motions to amend the Complaint to add a claim for punitive damages. Thus no ambiguity in our Order being present, we have no occasion to clarify the terms and conditions of that Order.

then-pending, dispositive motions. The only other deadlines, which are pertinent to the Stipulation, are the expert disclosure deadlines which were, for all parties, July 1, 2002, with the disclosure of any rebuttal opinions by September 1, 2001.

The Plaintiff contends that, even though this case was filed in February of 2001, and discovery has been on-going, on September 18, 2001, and again on September 28, 2001, Bombardier produced documents, which it had not previously identified, which date from as early as 1993, and which may support a claim for punitive damages -- a claim that had not been previously advanced for want of factual support. As a result, the Plaintiff requests an extension in the deadline for Motions to amend the pleadings, in order to assert a punitive damage claim. The Stipulation suggests that we allow thirty days, after the close of discovery, to file such a Motion.

In addition, the Plaintiff insists that he has shown good cause to extend the discovery deadline, as he has been unable to depose a critical witness, Wayne Overland ("Overland"), who is currently recuperating from cardiovascular surgery, and who is knowledgeable about matters related to Bombardier. Bombardier advises that Overland may be permitted, by his doctor, to return to work, at half-time, by December 1, 2001. Therefore, Bombardier anticipates that Overland may be available for deposition purposes

after January 1, 2002. The Plaintiff asserts, and we agree, that the unavailability of Overland, for deposition purposes, constitutes good cause for a modification of the discovery deadline, since the cause of that unavailability is not attributable to a lack of diligence on counsels' part.

In the Stipulation, the parties agreed to allow Snodrifters, which was added as a Third-Party Defendant in August of 2001, after the expert disclosure deadline had expired, to disclose its experts by December 31, 2001, with any rebuttal expert opinion to be disclosed by February 1, 2002. Snodrifters acknowledged that it has already had three months to produce its experts, but requests at least thirty days of additional time, in order to ascertain the exact claims being raised against it, and to identify any expert it may wish to call at Trial.

Lastly, the Stipulation would afford Snodrifters with an opportunity to amend its Answer to Bombadier's Third-Party Complaint in order to assert several additional affirmative defenses. Counsel for Bombadier informed the Court that they had already consented to an amended Answer by Snodrifters, and had, in fact, already received a copy of it. Counsel assured the Court that the additional affirmative defenses would not entail any additional need for discovery.

As we explained at the Hearing, the parties are unable to alter a Scheduling Order, even when they share the view that an extension is warranted. Rather, under the strictures of Rule 16(b), Federal Rules of Civil Procedure, any party, or parties, who seek to amend a Scheduling Order, are obligated to show good cause that the amendment is needed because, even with due diligence on the part of the moving party, or parties, the original pretrial deadline could not be accommodated. Federal Rules of Civil Procedure, Rule 16(b)(a Court's Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."). Thus, while the Parties have requested that all of the remaining deadlines be modified, to varying lengths, we will not adjust our Scheduling Order absent good cause for any such adjustment.

Here, we are satisfied that the Plaintiff has shown good cause, based on the recent production of documents, and on the health of a key witness, to extend the discovery deadline, and the deadline for Motions to amend the pleadings, in order to seek leave of the Court to add a claim for punitive damages. Likewise, we are convinced that Snodrifters, because of its recent addition to the case, as well as its need to clarify the claims raised against it, has shown good cause for an extension in the expert witness dis-

closure date. Further, we find good cause to allow Snodrifters to amend their Answer so as to raise additional affirmative defenses. However, the parties have not shown good cause for the other modifications that they have requested. Accordingly, we direct Snodrifters to have completed its expert disclosures by **December 1, 2001**, with the disclosure of any rebuttal expert opinion, as to Snodrifters, to be completed on or before **January 1, 2002**. Further, we order that the discovery deadline be set for **February 1, 2002**; that the Plaintiffs shall have until **February 15, 2002**, to file a Motion seeking leave to amend their Complaint so as to add a claim for punitive damages; that nondispositive Motions be filed, and the Hearing thereon completed, by no later than **March 1, 2002**; that dispositive Motions be fully briefed and filed with the Court by **March 30, 2002**. The Ready-for-Trial date will be **April 1, 2002**, or thirty days after the Order is rendered in any then-pending dispositive Motions. Lastly, we Order Snodrifters to file its Amended Answer to Bombardier's Third-Party Complaint, as soon as practicable.

NOW THEREFORE, it is --

ORDERED:

1. That the Parties' joint request for an extension of the deadlines set in the Pretrial Order is GRANTED in part, as more fully detailed in the text of this Order.

2. That the Plaintiff's Motion to Clarify or Extend the Time of Bringing a Motion to Amend the Complaint to Add a Claim for Punitive Damages [Docket No. 37] is DENIED as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE